UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL AARON SILBERMANN, | : | No. 4:25-CV-991 |
| Plaintiff | : | (Caraballo, M.J.) |
| v. | : | |
| PRESIDENT JOE BIDEN, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

On June 3, 2025, Plaintiff Joel Silbermann, proceeding pro se, commenced this action against President Joe Biden, Peter John Joseph Silbermann, Dr. Coginekirk, and Barbara Anne Marie Picers Estate. Doc. 1. Silbermann also submitted a motion for leave to file in forma pauperis. Doc. 2. The Court attempted to conduct a preliminary review of the Complaint, but found it illegible, and ordered Silbermann to submit a legible amended complaint. Doc. 4. The Court also granted Silbermann's motion to proceed in forma pauperis, but held service of the complaint in abeyance, pending a preliminary review under Title 28, United States Code, Section 1915(e)(2)(B). Doc. 5.

Following an attempted, and ultimately unsuccessful interlocutory appeal (Docs. 7–9, 11), on April 14, 2026, the Court appointed attorney

Petra Gross, Esq., to represent Silbermann. Doc. 13. Silbermann, through counsel, subsequently filed a notice of voluntary dismissal of this action, invoking Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. 15. That rule provides that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

Accordingly, the undersigned recommends that:

1. This action be **DISMISSED WITHOUT PREJUDICE.**
2. The Clerk's Office be **DIRECTED** to **TERMINATE** all defendants, and **CLOSE** this case.

The plaintiff is placed on notice that, under Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept,

> reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3. The failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Date: July 9, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge